**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

**KIRK TALLEY**                                    **CIVIL ACTION NO. 25-1034**

**VERSUS**                                          **JUDGE**

**AMAZON.COM, INC., ET AL.**                **MAGISTRATE JUDGE**

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendants Amazon.com, Inc.; Amazon.com Sales, Inc.; and Amazon.com Services LLC (incorrectly identified in the Petition as "Amazon.com, LLC," "Amazon.com Services, LLC," "Amazon.com Services LLC formerly known as Amazon.com Services, Inc.," "Amazon.com Services, Inc.," "Amazon.com Services, Inc. formerly known as Amazon Fulfillment Services, Inc.," and "Amazon Fulfillment Services, Inc.") (collectively, "Amazon") hereby remove the state court action entitled "*Kirk Talley v. Amazon.com, Inc., et al.*," bearing Docket No. C-20253883 in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana under 28 U.S.C. §§ 1332, 1441, and 1446.  Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

**I.    INTRODUCTION**

1.      Plaintiff alleges that he sustained "significant," "serious and permanent injuries" and burns from a table top fire pit bowl which he purchased on Amazon.com. *See* Pet. at ¶¶ 3–4, 8.

2.      Plaintiff filed his Petition on June 6, 2025, in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, Docket No. C-20253883.  Plaintiff served Amazon with the Petition on June 18, 2025.  True and accurate copies of the Plaintiff's Petition, together

182735784.1

with all other materials contained in the state court record, are attached and incorporated hereto as Exhibit A, as required by 28 U.S.C. §§ 1446(a) and 1447(b).

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court.  Plaintiff is not a citizen of the same state as any of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists

4.    Plaintiff is a citizen of Louisiana.  *See* Pet. at p. 1.

5.    Of the eight purported Amazon entities that Plaintiff named as Defendants, only three of those entities actually exist.  Those three existing entities are all business organizations, and their citizenship is as follows:

   a. Defendant Amazon.com, Inc. is a corporation.  For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Amazon.com, Inc. is incorporated under the laws of Delaware and its principal place of business is located in Seattle, Washington.  Amazon.com, Inc. is therefore a citizen of Delaware and Washington for diversity jurisdiction purposes.

   b. Defendant Amazon.com Sales, Inc. is a corporation.  For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Amazon.com Sales, Inc. is incorporated under the laws of Delaware and its

2

principal place of business is located in Seattle, Washington. Amazon.com Sales, Inc. is therefore a citizen of Delaware and Washington for diversity jurisdiction purposes.

c. Defendant Amazon.com Services LLC is a limited liability company. For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is incorporated in Delaware and maintains its principal place of business in Seattle, Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington for diversity jurisdiction purposes.

6. Because Plaintiff is a citizen of Louisiana, and Amazon.com, Inc.; Amazon.com Sales, Inc.; and Amazon.com Services LLC are each citizens of Delaware and Washington, complete diversity of citizenship exists, and removal is proper.

**B.    The Amount in Controversy Exceeds $75,000**

7. Plaintiff alleges in his Petition that "at this time damages sustained by KIRK TALLEY exceed $50,000.00, exclusive of interest and costs." *See* Pet. at ¶ 9. "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted).

182735784.1

8.      Here, Plaintiff alleges that he sustained "significant," "serious and permanent injuries" and burns from a table top fire pit bowl which he purchased on Amazon.com.  *See* Pet. at ¶¶ 3–4, 8.

9.      Plaintiff seeks a variety of damages in this action, including damages for "past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future loss of earnings and loss of earning capacity, permanent disability, scarring, and disfigurement." *See* Pet. at ¶ 8.  Plaintiff also alleges that the incident "necessitated that he incur medical expenses, both past and future." *See id.*

10.     Plaintiff has requested a jury trial, *see* Pet. at ¶ 9, and prior Louisiana juries have awarded more than $75,000 for non-fatal burn injuries.  *See, e.g.*, *Jones v. Centerpoint Energy Entex*, 2011-0002 (La. App. 3 Cir. 5/25/11), 66 So. 3d 539, 553 (affirming jury awards of $6.5 million, $4 million, and $1.25 million for general damages resulting from non-fatal burns); *Bujol v. Entergy Servs., Inc.*, 2000-1621 (La. App. 1 Cir. 8/14/02), 833 So. 2d 947, 983 (noting jury awards of $2.9 million and $3.2 million for non-fatal burns), *rev'd on other grounds by* 2003-0492 (La. 5/25/04), 922 So. 2d 1113.

11.      Furthermore, on July 7, 2025, undersigned counsel wrote to Plaintiff's counsel via email to inquire whether Plaintiff was willing to enter into a binding stipulation confirming that he is not seeking over $75,000 in damages.  Plaintiff's counsel has not responded to this inquiry and Plaintiff has not entered into any such stipulation, which is further evidence that the amount in controversy exceeds $75,000. *See Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006) (noting that plaintiff's refusal to stipulate is one factor that the court considers in determining whether the amount in controversy exceeded $75,000 at the time of removal).

4

182735784.1

12.     Thus, although Plaintiff's Petition does not demand a specific dollar amount in damages, the preponderance of evidence demonstrates that the amount in controversy exceeds $75,000 as he claims "significant" and "serious and permanent" non-fatal burn injuries for which prior Louisiana juries have awarded more than $75,000, he alleges that his damages exceed $50,000, and he has refused to stipulate that he is seeking less than $75,000 in damages.

13.     By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiff is entitled to any damages.

### III.    CONSENT

14.     Of the eight purported Amazon entities that Plaintiff named as Defendants, only three of those entities actually exist, and all three of those existing entities have jointly filed this Notice of Removal.  Therefore, no further consent is required.

### IV.    THIS FILING IS TIMELY

15.     Amazon was formally served on June 18, 2025, and is provided 30 days in which to remove Plaintiff's Petition to federal court.  *See* 28 U.S.C. § 1446(b).  Amazon filed this Notice of Removal within the 30-day window; therefore, its filing is timely.

### V.    VENUE OF REMOVED ACTION

16.     The Western District of Louisiana is the United States district court for the district embracing the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. § 1441(a).

### VI.    NOTICE TO THE STATE COURT

17.     Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff and will be filed with the Clerk of Court for the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, as required by 28 U.S.C. § 1446(d).

182735784.1

## VII.    NON-WAIVER OF DEFENSES

18.    Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

**WHEREFORE**, Defendants Amazon.com, Inc.; Amazon.com Sales, Inc.; and Amazon.com Services LLC (incorrectly identified in the Petition as "Amazon.com, LLC," "Amazon.com Services, LLC," "Amazon.com Services LLC formerly known as Amazon.com Services, Inc.," "Amazon.com Services, Inc.," "Amazon.com Services, Inc. formerly known as Amazon Fulfillment Services, Inc.," and "Amazon Fulfillment Services, Inc.") (collectively, "Amazon") pray that this Notice of Removal be accepted as good and sufficient, and that the aforementioned state court action entitled "*Kirk Talley v. Amazon.com, Inc., et al.*," bearing Docket No. C-20253883 in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, be removed to the United States District Court for the Western District of Louisiana for further proceedings as provided by law.

6

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Jeremy T. Grabill*
   Jeremy T. Grabill (Bar #34924)
   Patrick M. Judd (Bar #40415)
   Canal Place | 365 Canal Street, Suite 2000
   New Orleans, Louisiana 70130
   Telephone: 504-566-1311
   Facsimile: 504-568-9130
   Email:  jeremy.grabill@phelps.com
   Email:  patrick.judd@phelps.com

**ATTORNEYS FOR DEFENDANTS
AMAZON.COM, INC., AMAZON.COM
SALES, INC., AND AMAZON.COM
SERVICES LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 17, 2025, a true and correct copy of the foregoing Notice of Removal was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of the foregoing Notice of Removal was also served upon Plaintiff's counsel via email.

*/s/ Jeremy T. Grabill*

7

182735784.1